# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 10 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

BRYSON DESHAWN DIXON,    )
    Plaintiff,    )       Civil Action No. 7:06-cv-00581
    )
v.    )       __MEMORANDUM OPINION__
    )
DANVILLE CITY JAIL AND    )
MEDICAL STAFF, et. al.,    )       By: Hon. James C. Turk
    Defendants.    )       Senior United States District Judge

Plaintiff Bryson DeShawn Dixon, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Dixon alleges that after he slipped on a wet floor at the Danville City Jail ("the jail") and injured his back and neck, jail officials did not provide adequate medical treatment. He seeks injunctive relief in the form of further therapy or other medical treatment. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

## I. Background

Dixon alleges the following sequence of events on which his claims are based. On September 5, 2006, water leaked through a crack in the ceiling in the jail dormitory where Dixon was housed and made a puddle on the floor. Not aware of the water, Dixon slipped in it and fell, injuring his back and neck. Jail officials took him to the emergency room of Danville Regional Medical

1

Center, where medical personnel took X Rays of his back and neck. He was told that he was fine and was released from the hospital that same day. Jail officials provided him three different medications, Tylenol 3, Flexeril, and Lortab, but he complained in grievances that these medications did not stop the pain and asked to see a doctor. The jail doctor gave him a follow up examination, took his neck brace, and told him that the pain Dixon was still experiencing was stiffness from wearing the brace.

Dixon filed this lawsuit on September 22, 2006, naming the jail and its medical staff as defendants. He seeks further therapy or other medical attention.

## II. Analysis

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A prison official violates the Eighth Amendment if he acts deliberate indifference to an inmate's serious medical needs or to prison conditions that present significant risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Estelle v. Gamble, 429 U.S. 97, 102 (1976). An official is "deliberately indifferent" if he "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment except in extraordinary circumstances. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Moreover, mere malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does

2

mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986). Non-medical prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990).

Under these principles, the court concludes that Dixon's allegations fail to state any Eighth Amendment claim. First, he fails to show that any officer at the jail knew of the leak or the puddled water in plaintiff's housing area or that any such officer knew the water presented a significant risk of serious harm. Therefore, Dixon fails to demonstrate that any official acted with deliberate indifference related to the water leak.

Second, Dixon fails to state any constitutional claim for denial of medical treatment. His own allegations reflect that no one at the jail has ignored his injuries.[1] After his fall, jail authorities transported Dixon to the hospital for emergency evaluation, X Rays, and treatment. Upon his return to the jail, they provided him with three medications and a follow up visit to the doctor, who offered his medical judgment that Dixon did not need the neck brace or any different medication for his injuries. Dixon clearly disagrees with the doctor's assessment and course of treatment. This difference of opinion, however, is insufficient to show deliberate indifference by the doctor or by the jail staff, who may rightfully rely on the doctor's decision that no further treatment is needed. Satisfied that plaintiff cannot prove facts consistent with his allegations to state any constitutional claim here, the court will dismiss the complaint without prejudice, pursuant to § 1915A(b)(1). An appropriate order shall be entered this day.

---

[1]Dixon sues only the jail and its medical staff. These entities are not proper defendants under §1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). The court need not allow Dixon to amend to name proper parties, however, inasmuch as the court herein finds that his allegations fail to state any constitutional claim against anyone.

3

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This _10th_ day of October, 2006.

James C. Turk

Senior United States District Judge

4